IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

**DEVIN RAY PRICE #451402,**
        **Plaintiff,**

-vs-                                       Case No. A-08-CA-917-SS

**GREG HAMILTON, BRAD LIVINGSTON, STUART JENKINS, and RISSIE OWENS,**
        **Defendants.**

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:    THE HONORABLE SAM SPARKS
         UNITED STATES DISTRICT JUDGE

The Magistrate Court submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates Judges, as amended, effective December 1, 2002.

Before the Court are Plaintiff's complaint brought pursuant to 42 U.S.C. § 1983 (Document No. 1); Plaintiff's more definite statement (Document No. 9); the Motion for Summary Judgment filed by Defendants Livingston, Jenkins and Owens (the "State Defendants") (Document No. 15); and Plaintiff's response thereto (Document No.16). Plaintiff, proceeding pro se, has paid the full filing fee for this case.

## I. BACKGROUND

At the time he filed his complaint, Plaintiff was on mandatory supervision. As a condition of his release, he was housed at the Travis County Correctional Complex ("TCCC"). Plaintiff was

subsequently transferred to an Intermediate Sanctions Facility ("ISF") and was later released on mandatory supervision.

In this case Plaintiff sues Travis County Sheriff Greg Hamilton, Executive Director of the Texas Department of Criminal Justice Brad Livingston, Director of the Parole Division Stuart Jenkins, and Texas Board of Pardons and Paroles Chairperson Rissie Owens. Plaintiff alleges the defendants imposed a substantial burden on his religious exercise while he was incarcerated at the TCCC in violation of the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"). He further alleges the defendants imposed conditions upon Plaintiff's incarceration that are qualitatively different from the conditions typically imposed on other parolees, in violation of the Fourteenth Amendment to the United States Constitution. He next alleges Defendants Livingston, Jenkins[1] and Owens violated his due process rights by imposing additional sex offender conditions on his parole without giving him an opportunity to contest such imposition. Finally, he alleges policies and customs of the TCCC violated his due process rights.

Plaintiff generally seeks a declaratory judgment with respect to his claims brought pursuant to RLUIPA and the Due Process Clause. Plaintiff also requests the Court to enjoin the Defendants from:

1. failing to reasonably accommodate his religious exercise, including requiring parolees to wear jail uniforms in order to attend worship services and imposing worship service policies not serving a compelling governmental interest;

2. continuing to subject Plaintiff to qualitatively different conditions of confinement without due process of law; and

---

[1] Plaintiff mistakenly refers to former director Collier. The Court presumes Plaintiff intended to refer to the current director.

      3.      imposing sex offender conditions upon his mandatory supervision release without due process of law.

In addition to his requests for a declaratory judgment and injunctive relief Plaintiff also requests nominal, compensatory and punitive damages.

After consideration of Plaintiff's complaint, the undersigned ordered Plaintiff to file a more definite statement. Plaintiff complied with the Court's order and explained Sheriff Hamilton allegedly violated his constitutional rights because Plaintiff was granted mandatory supervision release but was not allowed to be at liberty on weekends or holidays. Additionally, Plaintiff asserts Hamilton failed to have in place procedures to allow Plaintiff to attend religious services, other than Protestant and Catholic services, and did not offer an alternative to practice his religion.

With respect to Defendants Livingston, Jenkins and Owens Plaintiff similarly complains he was not at liberty when he was released on mandatory supervision, because he was confined at the TCCC. Plaintiff also alleges he was not allowed to attend religious services of his choosing or allowed to practice the different aspects of his religion. Plaintiff explains he was not allowed to practice his religion because of his lock-down status on weekends and holidays. Plaintiff also explains the conditions of his parole differ from other parolees in that Plaintiff is on lock-down status on weekends and holidays and he may only work from 8:00 a.m. to 4:00 p.m. Monday through Friday. In his more definite statement Plaintiff clarifies his claim that he was denied due process when sex offender conditions were imposed and adds a claim that the imposition of sex offender conditions violates the Ex Post Facto Clause.

Plaintiff paid the full filing fee for his lawsuit. Accordingly, he was responsible for serving the defendants in this action. The Court's records reflect the defendants have been served with the exception of Sheriff Hamilton.

The State Defendants move for summary judgment. They argue the RLUIPA does not create a cause of action against the defendants in their individual capacities and sovereign immunity bars a cause of action from damages against the defendants in their official capacities. With respect to Plaintiff's claims under the RLUIPA, wherein Plaintiff seeks injunctive relief, the State Defendants argue Plaintiff's claims are moot. They explain Plaintiff is no longer residing at the TCCC. Alternatively, they argue Plaintiff's RLUIPA claims against them are without merit.

With regard to Plaintiff's claim that additional sex offender conditions were imposed upon his release without giving him an opportunity to contest those conditions, the State Defendants assert Plaintiff is not entitled to the relief set out in Coleman v. Dretke, 395 F.3d 216 (5th Cir. 2004). Defendants explain Plaintiff was convicted of aggravated sexual assault of a child on June 20, 1985, and was sentenced to 20 years imprisonment, which is the sentence Plaintiff is currently serving. The State Defendants also argue Plaintiff's ex post facto claim is without merit. The State Defendants maintain that Plaintiff cannot show that any change in the statute constitutes a retroactive change to his detriment, because there has been no increase in Plaintiff's punishment. The State Defendants also deny that Plaintiff has alleged a cognizable equal protection claim. Additionally, they argue an inmate can be required to live in a halfway house as part of his release to mandatory supervision. According to the State Defendants, Plaintiff was consistently given significant freedom and was allowed to leave the complex unattended.

4

The State Defendants additionally argue Plaintiff's claims brought against them in their official capacities in which he seeks monetary relief are barred by the Eleventh Amendment. They also assert their entitlement to qualified immunity with respect to Plaintiff's claims brought against them in their individual capacities.

## II. ANALYSIS

A.  Sheriff Hamilton

The Court received Plaintiff's complaint on December 22, 2008. On January 16, 2009, Plaintiff paid the full filing fee for his complaint. Therefore, on January 21, 2009, the Court reminded Plaintiff, because he is not proceeding in forma pauperis in this cause, that it was incumbent upon him to timely serve the defendants in a manner in compliance with Rule 4 of the Federal Rules of Civil Procedure. Plaintiff was advised, pursuant to Rule 4(m), he was obligated to serve the named defendants in the manner provided by Rule 4 within 120 days from the date Plaintiff filed his complaint. To date Plaintiff has not served Sheriff Hamilton. Accordingly, Plaintiff's claims against Sheriff Hamilton should be dismissed without prejudice for want of prosecution and for failure to obey an order of the Court.

B   Standard of Review Under Fed. R. Civ. P. 56(c)

The State Defendants move for summary judgment. A court will, on a motion for summary judgment, render judgment if the evidence shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Eason v. Thaler, 73 F.3d 1322, 1325 (5th Cir. 1996); Int'l Shortstop, Inc. v. Rally Inc., 939 F.2d 1257, 1263 (5th Cir. 1991), cert. denied, 502 U.S. 1059, 112 S. Ct. 936 (1992). When a motion for summary judgment is made and supported, an adverse party may not rest upon mere allegations or denials but must set forth

5

specific facts showing there is a genuine issue for trial. Ray v. Tandem Computers, Inc., 63 F.3d 429, 433 (5th Cir. 1995); Fed. R. Civ. P. 56.

Both movants and non-movants bear burdens of proof in the summary judgment process. Celotex Corp. v. Catrett, 477 U.S. 317, 106 S. Ct. 2548 (1986). The movant with the burden of proof at trial must establish every essential element of its claim or affirmative defense. Id. at 322, 106 S. Ct. at 2552. In so doing, the moving party without the burden of proof need only point to the absence of evidence on an essential element of the non-movant's claims or affirmative defenses. Id. at 323-24, 106 S. Ct. at 2554. At that point, the burden shifts to the non-moving party to "produce evidence in support of its claims or affirmative defenses . . . designating specific facts showing that there is a genuine issue for trial." Id. at 324, 106 S. Ct. at 2553. The non-moving party must produce "specific facts" showing a genuine issue for trial, not mere general allegations. Fed. R. Civ. P. 56(e); Tubacex v. M/V Risan, 45 F.3d 951, 954 (5th Cir. 1995).

In deciding whether to grant summary judgment, the Court should view the evidence in the light most favorable to the party opposing summary judgment and indulge all reasonable inferences in favor of that party. The Fifth Circuit has concluded "[t]he standard of review is not merely whether there is a sufficient factual dispute to permit the case to go forward, but whether a rational trier of fact could find for the non-moving party based upon the evidence before the court." James v. Sadler, 909 F.2d 834, 837 (5th Cir. 1990) (citing Matsushita, 475 U.S. at 586, 106 S. Ct. 1356)). To the extent facts are undisputed, a Court may resolve the case as a matter of law. Blackwell v. Barton, 34 F.3d 298, 301 (5th Cir. 1994).

1. RLUIPA

Plaintiff alleges the defendants imposed a substantial burden on his religious exercise while he was incarcerated at the TCCC. Plaintiff seeks declaratory and injunctive relief and monetary damages. Plaintiff's claims brought under the RLUIPA for declaratory and injunctive relief are moot, as Plaintiff is no longer confined in the TCCC. A claim for declaratory and injunctive relief based on conditions of confinement is rendered moot upon the prisoner's release or transfer from the facility. Herman v. Holiday, 238 F.3d 660, 665 (5th Cir. 2001); see also Rendelman v. Rouse, 569 F.3d 182, 186 (4th Cir. 2009) (dismissing as moot plaintiff's RLUIPA claims due to a prison transfer); Gladson v. Iowa Dep't of Corrections, 551 F.3d 825 (8th Cir. 2009) (holding state prisoner's claim that prison officials violated his free exercise and RLUIPA rights was rendered moot when he was transferred to another facility and was no longer subject to the allegedly offending policy); Koger v. Bryan, 523 F.3d 789, 804 (7th Cir. 2008) (holding request for injunctive relief under RLUIPA is moot due to prisoner's release from prison).

Plaintiff's claims for monetary relief under RLUIPA are also subject to dismissal. RLUIPA does not create a cause of action against the State Defendants in their individual capacities. Sossamon v. Lone Star State of Texas, 560 F.3d 316, 331 (5th Cir. 2009). In addition, Plaintiff's RLUIPA claims against the State Defendants in their official capacities for monetary damages are barred by Texas's sovereign immunity. Id.

2. Constitutional Claims

Plaintiff also claims his constitutional rights were violated. Plaintiff alleges claims under the Due Process Clause, the Equal Protection Clause and the Ex Post Facto Clause.

a. <u>Eleventh Amendment Immunity</u>

The State Defendants in their official capacity are immune from suit for monetary damages under the Eleventh Amendment, because such an action is the same as a suit against the sovereign. <u>Pennhurst State School Hosp. v. Halderman</u>, 465 U.S. 89, 104 S. Ct. 900 (1984). The Eleventh Amendment generally divests federal courts of jurisdiction to entertain suits directed against states. <u>Port Auth. Trans-Hudson v. Feeney</u>, 495 U.S. 299, 304, 110 S. Ct. 1868, 1871 (1990). The Eleventh Amendment may not be evaded by suing state agencies or state employees in their official capacity because such an indirect pleading remains in essence a claim upon the state treasury. <u>Green v. State Bar of Texas</u>, 27 F.3d 1083, 1087 (1994).

b. <u>Qualified Immunity</u>

The State Defendants are also protected by qualified immunity on these claims. The doctrine of qualified immunity affords protection against individual liability for civil damages to officials "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818, 102 S. Ct. 2727 (1982). Immunity in this sense means immunity from suit, not merely from liability. <u>Jackson v. City of Beaumont</u>, 958 F.2d 616 (5th Cir. 1992). "Qualified immunity is designed to shield from civil liability all but the plainly incompetent or those who violate the law." <u>Brady v. Fort Bend County</u>, 58 F.3d 173, 174 (5th Cir. 1995).

To rebut the qualified immunity defense, the plaintiff must show: (1) that he has alleged a violation of a clearly established constitutional right, and (2) that the defendant's conduct was objectively unreasonable in light of clearly established law at the time of the incident. <u>Waltman v. Payne</u>, 535 F.3d 342, 346 (5th Cir. 2008) (footnote omitted). To negate a defense of qualified

immunity and avoid summary judgment, the plaintiff need not present "absolute proof," but must offer more than "mere allegations." Reese v. Anderson, 926 F.2d 494, 499 (5th Cir. 1991).

For several years, the Supreme Court required that the first of these criteria-whether plaintiffs' facts allege a constitutional violation-must be decided at the outset. Saucier v. Katz, 533 U.S. 194, 201, 121 S. Ct. 2151, 2156 (2001). Recently, however, the Court reversed course, holding that lower courts "should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." Pearson v. Callahan, --- U.S. ----, 129 S. Ct. 808 (2009). As explained below, Plaintiff has failed to demonstrate a valid constitutional violation.

i. Due Process

Plaintiff alleges the State Defendants violated his due process rights by imposing sex offender conditions on his release without giving him an opportunity to contest such imposition. In Coleman v. Dretke, 395 F.3d 216 (5th Cir. 2004), the Fifth Circuit held, absent a conviction for a sex offense, an inmate must be afforded an appropriate hearing and finding that he constitutes a threat to society by reason of his lack of sexual control. Plaintiff admits he has been convicted of a sex offense. Plaintiff is currently serving a 20-year sentence for aggravated sexual assault of a child. As explained by the State Defendants, Plaintiff is not entitled to additional process.

ii. Equal Protection

Plaintiff generally alleges that the defendants imposed conditions upon his incarceration that are qualitatively different from the conditions typically imposed on other parolees. Specifically, Plaintiff alleges he is on lock-down status on weekends and holidays and he may only work from

8:00 a.m. to 4:00 p.m. Monday through Friday. Plaintiff seeks monetary and injunctive relief with respect to this claim.[2]

In Village of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S. Ct. 1073 (2000), the Supreme Court recognized that equal protection claims can be brought by a " 'class of one,' where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." To prevail on such a cause of action, a plaintiff does not have to allege membership in a protected class or group. Shipp v. McMahon, 234 F.3d 907, 916 (5th Cir. 2000), overruled in part on other grounds by, McClendon v. City of Columbia, 305 F.3d 323, 328-29 (5th Cir. 2002) (en banc). However, the Fifth Circuit requires a plaintiff "to present evidence that the defendant deliberately sought to deprive him of the equal protection of the laws for reasons of a personal nature unrelated to the duties of the defendant's position." Id. (quoting Hilton v. City of Wheeling, 209 F.3d 1005, 1008 (7th Cir. 2000)).

Plaintiff has not alleged or presented any evidence that the State Defendants deliberately sought to deprive him of equal protection of the law for reasons of a personal nature. Plaintiff also has not alleged that other parolees with different conditions were similarly situated. Curiously, Plaintiff fails to allege how his conditions vary from the conditions imposed on other sex offenders at the TCCC. Beyond conclusional allegations that others similarly situated have been treated differently, Plaintiff offers no specific factual support for his assertions. See Brinkmann v. Johnston, 793 F.2d 111, 113 (5th Cir. 1986) (plaintiff in § 1983 action must state specific facts, not merely conclusory allegations, to support his claim).

---

[2]As explained above, Plaintiff's request for injunctive relief is moot, as a result of his release from the TCCC. Biliski v. Harborth, 55 F.3d 160 (5th Cir. 1995) (dismissing as moot plaintiff's request for a transfer from a county jail due to plaintiff's subsequent transfer to the TDCJ).

### iii. Halfway House Release

Plaintiff alleges his release to the TCCC is a constitutional violation, because Plaintiff was not at liberty when he was released on mandatory supervision. Plaintiff's allegations fail to allege a valid constitutional violation.

The summary judgment evidence indicates Plaintiff was released on mandatory supervision on November 3, 2008, and as a condition of his release, was placed as a resident in the Travis County Work Program. See State Defendants' Ex. E Propes Affidavit at 2. The Board of Pardons and Paroles voted in favor of transferring Plaintiff to an ISF on March 20, 2009, after they found he violated the conditions of his release. Id. Plaintiff was subsequently released from the ISF and is currently serving his sentence on mandatory supervision in Harris County, Texas. Id. When Plaintiff was released on mandatory supervision in November 2008, Plaintiff was released from the custody of the Correctional Institutions Division of the Texas Department of Criminal Justice and was placed under the custody of the Pardons and Paroles Division. See TEX. GOV'T CODE ANN. § 508.001(5). The Pardons and Paroles Division "supervise[s] and reintegrate[s] felons into society after release from confinement." TEX. GOV'T CODE ANN. § 493.005. Halfway houses are used to provide a "smoother transition from incarceration to supervised release." TEX. GOV'T CODE ANN. § 508.118. Residing in a halfway house on release is not intended to punish but rather to provide housing and assist in reintegrating into society. Jackson v. Johnson, 475 F.3d 261 (5th Cir. 2007). Moreover, the due process rights of prisoners are generally limited to freedom of restraints which "impose atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484, 115 S. Ct. 2293, 2300 (1995). There is nothing "atypical" about

requiring someone convicted of aggravated sexual assault of a child to temporarily reside in a halfway house while on mandatory supervision.

  iv.  Ex Post Facto Violation

In his final claim Plaintiff alleges the imposition of sex offender conditions violates the Ex Post Facto Clause.³ Specifically, Plaintiff alleges the sex offender registration requirement did not exist at the time of his conviction. However, the law is clear that the retroactive application of laws requiring sex-offender registration and notification do not violate the Ex Post Facto Clause. Smith v. Doe, 538 U.S. 84, 103-04, 123 S. Ct. 1140 (2003); see also Connecticut Department of Public Safety v. Doe, 538 U.S. 1, 123 S. Ct. 1160, 1164-65 (2003) (notification provisions of sex offender registration law do not violate procedural due process).

To the extent Plaintiff generally complains of the SISP conditions his claim also fails. The Fifth Circuit has rejected claims by Texas prisoners who object to changes in parole laws which add conditions such as electronic monitoring, urinalysis, driving and curfew restrictions, finding no ex post facto violation. See Cruz v. Texas Parole Div., 87 F. App'x 346, 2006 WL 190251 (5th Cir. 2004); Vinyard v. Keesee, 70 F.3d 1266, 1995 WL 696732 (5th Cir. 1995) (unpublished); see also De La Cerda v. Dretke, Civil No. H-05-1270, 2005 WL 2656349 (S.D. Tex.2005) (rejecting an ex post facto challenge to SISP, which authorized electronic monitoring and other restrictive conditions of parole). The Fifth Circuit applies the "intent-effects" test to determine whether a law imposes "punishment" in violation of the ex post facto clause. Williams v. Cockrell, No. 3-01-CV-0240-P, 2002 WL 432977 at *3 (N.D. Tex. Mar. 18, 2002) (citing Moore v. Avoyelles Correctional Center,

---

³The summary judgment evidence indicates the Parole Board imposed Super Intensive Supervision Program ("SISP") conditions upon Plaintiff. See State Defendants' Ex. D at 9.

253 F.3d 870, 872 (5th Cir.), cert. denied, 122 S. Ct. 492 (2001). Under this test, the court must determine: (1) whether the legislature intended the sanction to be punitive; and (2) whether the sanction is so punitive in effect as to prevent courts from legitimately viewing it as regulatory or civil in nature. Moore, 253 F.3d at 872 (citing United States v. Ursery, 518 U.S. 267, 288, 116 S. Ct. 2135 (1996)).

In this case, Plaintiff has not shown that any of the conditions imposed upon him constitute a retroactive change to his detriment because there has been no increase in his punishment. Accordingly, Plaintiff has failed to establish a violation of the Ex Post Facto Clause.

### III. RECOMMENDATION

The undersigned recommends that the District Court **DISMISS WITHOUT PREJUDICE** Plaintiff's claims brought against Defendant Hamilton for want of prosecution and **GRANT** the Motion for Summary Judgment [#15] filed by Defendants Livingston, Jenkins and Owens.

### IV. OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the

district court.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985);  Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415, 1428-29 (5th Cir. *en banc*, 1996).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 2nd day of October, 2009.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE