**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

**DEVIN RAY PRICE #451402,**
    **Plaintiff,**

**-vs-**                    **Case No. A-08-CA-917-SS**

**GREG HAMILTON, BRAD LIVINGSTON,
STUART JENKINS, and RISSIE OWENS,**
    **Defendants.**

_____

## O R D E R

  BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically, Plaintiff Devin Ray Price ("Price")'s Complaint [#1], Price's more definite statement [#9], Defendants Brad Livingston, Stuart Jenkins, and Rissie Owens (collectively "Defendants") Motion for Summary Judgment [#15], Price's Response [#16], the Report and Recommendation of the Magistrate Judge [#17], and Price's Motion to Deny the Report and Recommendation [#21]. Price, proceeding pro se, has paid the full filing fee for this case.

  All matters in this case were referred to the Honorable Andrew Austin, United States Magistrate Judge, for report and recommendation pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges, as amended, effective December 1, 2002. On October 2, 2009, the Magistrate Judge issued his report and recommendation that Plaintiff's complaint be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e). Price filed written objections to the Magistrate's report and recommendation on

November 9, 2009, thus the Court reviews the Magistrate Judge's report and recommendation de novo. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Nevertheless, having reviewed the complaint, the report and recommendation, the objections, the motion, the applicable law, and the case file as a whole, the Court ACCEPTS the Magistrate Judge's report and recommendation.

## Background

At the time he filed his complaint, Price was on mandatory supervision. As a condition of his release, he was housed at the Travis County Correctional Complex ("TCCC"). Price was subsequently transferred to an Intermediate Sanctions Facility ("ISF") and was released from ISF on mandatory supervision effective June 5, 2009.

Price brought suit against Travis County Sheriff Greg Hamilton, Executive Director of the Texas Department of Criminal Justice Brad Livingston, Director of the Parole Division Stuart Jenkins,[1] and Texas Board of Pardons and Paroles Chairperson Rissie Owens. Price alleges Defendants imposed a substantial burden on his religious exercise while he was incarcerated at the TCCC in violation of the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"). 42 U.S.C. § 2000cc-1, *et seq.* Specifically, Price alleges Defendants failed to have in place procedures to allow Price to attend religious services of his choosing or allow him to practice the different aspects of his religion. Price explains, in part, he was not allowed to practice his religion because of his lock-down status while housed at TCCC on weekends and holidays.

---

[1] Price occasionally mistakenly refers to former director Collier. The Court will refer only to current director Jenkins.

He further alleges he was treated differently than other parolees and was denied his liberty under the Constitution while on mandatory supervision. Specifically, Price alleges Defendants violated his constitutional rights because, while Price was granted mandatory supervision release, he was not allowed to be at liberty on weekends or holidays while he was confined at TCCC. Price also explains the conditions of his parole differ from other parolees in that he was on lock-down status on weekends and holidays and he was only allowed to work from 8:00 a.m. to 4:00 p.m. Monday through Friday.

Finally, Price alleges Defendants violated his due process rights by imposing additional sex offender conditions on his parole without giving him an opportunity to contest such imposition. In addition, he asserts the imposition of sex offender conditions violates the Ex Post Facto Clause of the Constitution. Price generally seeks a declaratory and injunctive relief. Price also requests nominal, compensatory and punitive damages.

The Magistrate indicated Price's RLUIPA claims were moot, and his constitutional claims were barred by Eleventh Amendment immunity and qualified immunity. The Magistrate also noted Sheriff Hamilton should be dismissed for want of prosecution. In his objections, Price does not object to the Magistrate's recommendation regarding his RLUIPA claims. Price does, however, raise three points of objection: (1) Sheriff Hamilton should not be dismissed, (2) there is no evidence Defendants were functioning in their official capacity when they placed Price in TCCC, thus Defendants are not entitled to the protections of the Eleventh Amendment , and (3) Defendants are not entitled to qualified immunity because they fully knew TCCC was not a halfway house, but rather an extension of Davis' incarceration.

Analysis

I.   **Sheriff Hamilton**

Plaintiff paid the full filing fee for his lawsuit. Accordingly, he was responsible for serving the defendants in this action. On January 21, 2009, the Court reminded plaintiff of this responsibility. Dkt. #6. To date, all defendants have been served except Sheriff Hamilton. Price incorrectly indicates his objection to Hamilton's dismissal on the grounds of immunity, but Hamilton is not dismissed on the grounds of immunity. Rather, as explained by the Magistrate, Price's claims against Sheriff Hamilton are dismissed for want of prosecution. Thus, Price's objections are not persuasive.

II.  **Summary Judgment Standard**

Summary judgment may be granted if the moving party shows there is no genuine issue of material fact, and it is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). In deciding summary judgment, the Court construes all facts and inferences in the light most favorable to the nonmoving party. *Richter v. Merchs. Fast Motor Lines, Inc.*, 83 F.3d 96, 98 (5th Cir. 1996). The standard for determining whether to grant summary judgment "is not merely whether there is a sufficient factual dispute to permit the case to go forward, but whether a rational trier of fact could find for the nonmoving party based upon the record evidence before the court." *James v. Sadler*, 909 F.2d 834, 837 (5th Cir. 1990).

Both parties bear burdens of production in the summary judgment process. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). The moving party has the initial burden of showing there is no genuine issue of any material fact and judgment should be entered as a matter of law. FED. R. CIV. P. 56(c); *Celotex*, 477 U.S. at 322–23; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48

(1986). The nonmoving party must then come forward with competent evidentiary materials establishing a genuine fact issue for trial, and may not rest upon mere allegations or denials of its pleadings. *Anderson*, 477 U.S. at 256–57; *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). Neither "conclusory allegations" nor "unsubstantiated assertions" will satisfy the non-movant's burden. *Wallace v. Tex. Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996).

### A. RLUIPA Claims

The Court agrees with the Magistrate regarding the mootness of Price's RLUIPA claims. Price has filed no objections regarding these claims. As the Magistrate indicated, Price's claims for declaratory and injunctive relief are moot since Price is no longer confined in TCCC. *See Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001); *Gladson v. Iowa Dep't of Corrections*, 551 F.3d 825 (8th Cir. 2009). Price's claims for monetary relief are also dismissed because RLUIPA does not create a cause of action against state defendants in their individual capacities. *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 331 (5th Cir. 2009). In addition, Price's claims against Defendants in their official capacities are barred by sovereign immunity. *Id.*

### B. Constitutional Claims

#### 1. Eleventh Amendment Immunity

Price objects to the Magistrate's recommendation that Eleventh Amendment immunity bars Price's claims against Defendants in their official capacity. Price asserts there is no evidence Defendants were functioning in official capacity. Essentially, Price agrees no claim against these defendants in their official capacity is appropriate. Further, the release of a prisoner onto mandatory supervision and establishing conditions on that release is precisely the official function of these defendants. *See* TEX. GOV'T CODE ANN. § 493.005; § 508.001(5).

As the Magistrate indicates, Defendants in their official capacity are immune from suit for monetary damages under the Eleventh Amendment because such an action is the same as a suit against the State directly. *Pennhurst State School Hosp. v. Halderman*, 465 U.S. 89 (1984). To the extent Price brings suit against Defendants in their official capacities, his claims are barred by the Eleventh Amendment. *Port Auth. Trans-Hudson v. Feeney*, 495 U.S. 299, 304 (1990). To the extent Price urges the Eleventh Amendment does not apply, his claims are best discussed as claims against Defendants in their individual capacities.

### 2. Qualified Immunity

Defendants are protected from all other claims by qualified immunity. The qualified immunity doctrine shields government officials from suit in their individual capacity "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Once a public official raises the defense of qualified immunity, the burden rests on the plaintiff to rebut it. *See Zarnow v. City of Wichita Falls, Texas*, 500 F.3d 401, 407 (5th Cir. 2007) (citing *Pierce v. Smith*, 117 F.3d 866, 871-72 (5th Cir. 1997)). To refute a qualified immunity defense on a motion for summary judgment, a plaintiff must produce evidence showing (1) that the defendant violated the plaintiff's constitutional rights and (2) that the violation was objectively unreasonable. *Zarnow*, 500 F.3d at 407 (citing *Fraire v. City of Arlington*, 957 F.2d 1268, 1273 (5th Cir. 1992)). Qualified immunity "gives ample room for mistaken judgments" by protecting "all but the plainly incompetent or those who knowingly violate the law." *Id.* at 409. As the Magistrate explained, Price has failed to demonstrate any constitutional violations.

### a. Due Process

Price alleged his due process rights were violated because he was not given the opportunity to contest the imposition of sex offender conditions on his release. The Magistrate indicated Price was not entitled to any additional process and the Court agrees. Price has filed no objections regarding these claims. The Fifth Circuit has held sex offender conditions may not be imposed on someone who *has not been convicted* of a sex offense without an appropriate hearing. *Coleman v. Dretke*, 395 F.3d 216 (5th Cir. 2004). However, Price is not entitled to the relief set out in *Coleman* because Price *was convicted* of aggravated sexual assault of a child on June 20, 1985, was sentenced to 20 years imprisonment, and is currently serving that sentence. Thus, Price has not alleged a constitutional violation and Defendants are entitled to qualified immunity on these claims.

### b. Ex Post Facto Clause

Price alleged the imposition of sex offender conditions also violates the Ex Post Facto Clause. Specifically, Price argues since the sex offender registration requirement did not exist at the time of his conviction it cannot be applied retroactively to him. However, as the Magistrate explained and the Court agrees, retroactive application of laws requiring sex offender registration and notification do not violate the Ex Post Facto Clause. *Smith v. Doe*, 538 U.S. 84, 103-04 (2003). Price does not object to this aspect of the report and recommendation. Thus, Price has not alleged a constitutional violation and Defendants are entitled to qualified immunity on these claims.

### c. Equal Protection

Finally, Price's objection to the Magistrate's report and recommendation asserts Defendants are not entitled to qualified immunity on the claims that Price was subject to unconstitutionally different conditions than typical parolees. Price argues all of the Defendants knew TCCC was an

extension of Price's incarceration, not a halfway house, and thus they are not entitled to assert qualified immunity on these issues. Price essentially argues Defendants did not treat him equal to other parolees on mandatory supervision because he was housed at TCCC under conditions functionally equivalent to incarceration.

Price relies on the decision in *Meza v. Livingston*, regarding the conflict between mandatory supervision and incarceration at TCCC. 623 F. Supp. 2d 782 (W.D. Tex. 2009).[2] In that case, the plaintiff had been held at TCCC for five years while on mandatory supervision. *Id.* at 796-97. The court determined this action prevented the plaintiff from securing employment and thus prevented him from moving forward toward a "gradual reassimilation" into society. *Id.* at 796. However, the court decided the case on other grounds and dismissed the claims regarding the plaintiff's incarceration at TCCC. *Id.* at 797.

The facts of Price's case are much more in line with the purposes of mandatory supervision. The summary judgment evidence indicates Price was released on mandatory supervision on November 3, 2008, and as a condition of his release, was placed as a resident in TCCC. See Def. Mot. Ex. E, Propes Affidavit at 2. The Board of Pardons and Paroles voted in favor of transferring Price to an ISF on March 20, 2009, after they found he violated the conditions of his release. *Id.* Price was subsequently released from the ISF and is currently serving his sentence on mandatory supervision in Harris County, Texas. *Id.*

Price spent less than six months housed at TCCC. Further, some of Price's time spent in TCCC and ISF was due to his own violations or failures to fulfill the conditions of his supervision.

---

[2]Several times in court filings, Price refers to a case in which "the Honorable Lee Yeakel found that the Travis County Work Release Program was in fact incarceration." Pl. Obj. at 1 [#21]. Price does not cite the case, but the Court's own research indicates Price is likely referring to *Meza v. Livingston*.

Finally, he has now been released. Halfway houses are used to provide a "smoother transition from incarceration to supervised release." TEX. GOV'T CODE ANN. § 508.118. Here, Price's time in TCCC and ISF did just that. Residing in a halfway house on release is not intended to punish but rather to provide housing and assist in reintegrating into society. *Jackson v. Johnson*, 475 F.3d 261 (5th Cir. 2007). As the Magistrate indicated, there is nothing atypical about requiring someone convicted of aggravated sexual assault of a child to temporarily reside in a halfway house while on mandatory supervision. Thus, Price has not alleged a constitutional violation and Defendants are entitled to qualified immunity on these claims.

### III. Conclusion

In accordance with the foregoing:

IT IS ORDERED that the Report and Recommendation of the United States Magistrate Judge [#17] is ACCEPTED;

IT IS FURTHER ORDERED that Plaintiff Devin Ray Price's claims against Defendant Hamilton are DISMISSED WITHOUT PREJUDICE for want of prosecution;

IT IS FURTHER ORDERED that Defendants Brad Livingston, Stuart Jenkins, and Rissie Owens Motion for Summary Judgment [#15] is GRANTED.

SIGNED this the 16th day of December 2009.

_____
SAM SPARKS
UNITED STATES DISTRICT JUDGE